Manly, J.
It seems entirely clear to us, upon the sale of the parcel of land, including the lower mill, to the defendant, Yerble, that an easement in the lands, reserved by Brown, passed by implication to defendant, to the extent, at any rate, held by the Judge below. The defendant purchased, as an appurtenant to his mill, the right to keep the water-power in the condition it then was, for the purpose of propelling his machinery. And the subsequent sale of the residue of his land, including the other mill, by Brown, passed the estate to' the purchasers, Kestler and Lyerly, encumbered with this easement. Brown could not'disencumber it, nor can his vendees do it without the concurrence of Yerble. The instructions to the jury are based upon this view of thecase, and are, in our opinion, entirely correct.
The only ground for a complaint to rest upon is, the assumption that Yerble’s dam had been elevated, and the water raised higher upon the land of the plaintiffs, than it was accustomed to stand prior to defendant’s purchase. This was the gist of the action, and we take it, the burthen of proving it, was upon the complainants.
The instructions asked for, were, therefore, properly refused. There is no error.
Per Curiam,
Judgment affirmed.